UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ARCHIE POWELL, III,

        Defendant.
_____/

Criminal No. 07-cr-20008

Hon. Mark A. Goldsmith
United States District Judge

### OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) (DKT. 44) AND DENYING DEFENDANT'S MOTION TO SUPPLEMENT (DKT. 48) AS MOOT

#### I.  INTRODUCTION

In this criminal case, Defendant Archie Powell, III seeks a sentence reduction in light of the Sixth Circuit's decision in United States v. Blewett, 719 F.3d 482 (2013).  The Government filed a response (Dkt. 45), and Defendant filed a reply (Dkt. 47) and supplemental response (Dkt. 48).  Because the Court concludes that Defendant is not entitled to a sentence reduction, the Court denies Defendant's motion.

#### II.  BACKGROUND

Defendant pled guilty to distribution of cocaine (count two) and felon in possession of ammunition (count four).  Plea Agreement, Ex. to Def.'s Reply (Dkt. 47, CM/ECF 11-16 of 20).  The plea agreement stipulated that Defendant sold 42.7 grams of crack cocaine on October 28, 2005, and that, in January 2007, he possessed ammunition despite being a felon.  Gov't Resp. at 2 (Dkt. 45); see also Def.'s Reply at 3 (acknowledging the quantity of 42.7 grams of crack cocaine).  Because of his prior convictions for felony drug crimes, and the quantity of crack

1

cocaine alleged, Defendant faced a mandatory minimum sentence of ten years. See Revisions to Presentence Report Due to Guideline Amendments, Ex. to Def.'s Reply (Dkt. 47 at CM/ECF 14-16 of 20); see also Acknowledgement of Second Superseding Indictment (Dkt. 28) (discussing prior felony drug offenses). Judge Gadola subsequently sentenced Defendant to the statutory mandatory minimum of 120 months on count two and a concurrent sentence of 120 months on count four. Gov't Resp. at 3; see also Pl.'s Mot. at 3; Revisions to Presentence Report Due to Guideline Amendments at 3 ("Based on a total offense level of 26, and a Criminal History Category of IV, the guideline imprisonment range is 92 to 112 months. However, due to the mandatory minimum of 120 months, the guideline range becomes 120 months.").

In 2010, the Fair Sentencing Act ("FSA") became law. Pub. L. No. 111-220, 124 Stat. 2372. The FSA lowered the statutory penalties for crack offenses under 21 U.S.C. § 841. Correspondingly, the Sentencing Commission amended the U.S. Sentencing Guidelines Manual (U.S.S.G.), promulgating Amendments 750 and 759. Amendment 750 lowered the base offense levels for cocaine base or "crack" offenses in U.S.S.G. § 2D1.1.

### III.   ANALYSIS

Defendant requests that the Court reduce his sentence in light of the Sixth Circuit's decision in United States v. Blewett, 719 F.3d 482 (2013). In that case, a panel for the Sixth Circuit concluded that the FSA and the subsequently adopted Sentencing Guidelines should be applied retroactively based on equal protection grounds. Id. at 490.

However, even applied retroactively, the FSA and the new Sentencing Guidelines amendments would not affect Defendant's sentence. With the FSA changes, distribution of 28 grams or more (up to 280 grams) of a "mixture or substance . . . which contains cocaine base" provides a minimum sentence of 5 years. 21 U.S.C. § 841(b)(1)(B). Where the individual

"commits such a violation after a prior conviction for a felony drug offense has become final," however, "such person shall be sentenced to a term of imprisonment which may not be less than 10 years." Id.[1] Here, Defendant knowingly sold 42.7 grams of crack cocaine. The presentence investigation report also took into account Defendant's prior felony drug convictions when calculating the minimum sentence of ten years. Therefore, because the FSA would not change the 120-month minimum sentence imposed upon Defendant even if applied retroactively, Defendant's motion must be denied. See, e.g., United States v. Drewery, -- F. App'x --, 2013 WL 4054935, at *9 (6th Cir. Aug. 13, 2013) ("[N]othing in the FSA altered the sentencing enhancement under § 841(b)(1)(B) for defendants like Drewery and Tarver whose offense of conviction involved more than 28 grams of crack cocaine."); United States v. White, No. 3:09-cr-442, 2013 WL 5434630, at *1 (N.D. Ohio Sept. 5, 2013) (denying motion for retroactive sentencing where FSA would not change minimum statutory sentence in light of quantity of drugs at issue and prior drug felony conviction); see also United States v. Berry, 701 F.3d 374, 377 n.3 (11th Cir. 2012) ("[A]fter the FSA, a § 841(a) defendant with one or more prior convictions for a felony drug offense is subject to a mandatory minimum ten-year sentence and a maximum of life imprisonment if his offense involved 28 grams or more of crack cocaine.").

Moreover, after Defendant filed his initial motion, the Sixth Circuit agreed to re-hear the Blewett matter en banc, and vacated the decision upon which Defendant relies. See Drewery, 2013 WL 4054935, at *7 (declining to apply Blewett for this reason, in part). The Sixth Circuit's

---

[1] Prior to the FSA, 21 U.S.C. § 841(b)(1) required 50 grams of crack cocaine for the ten-year mandatory minimum (twenty years if there was one prior drug felony conviction) and 5 grams of crack cocaine for the 5-year mandatory minimum (ten years if there was a prior drug felony conviction). The FSA increased those numbers to 280 grams and 28 grams respectively. See United States v. McCloud, 730 F.3d 600, 608 n.1 (6th Cir. 2013) (quoting Dorsey v. United States, -- U.S. --, 132 S. Ct. 2321, 2329 (2012)). Defendant's stipulation to a quantity of 42.7 grams falls into the second category under either version of the law (i.e., over 5 grams but under 50 grams, and over 28 grams but under 280 grams).

en banc panel recently issued a decision in the case, concluding that the FSA's influence on statutory minimums does not apply retroactively to final sentences. See United States v. Blewett, -- F.3d --, 2013 WL 6231727, at **1, 3 (6th Cir. Dec. 3, 2013). Accordingly, Blewett is not helpful to Defendant.

Lastly, Defendant's supplemental response, titled a "motion to supplement," requests post-judgment relief pursuant to 28 U.S.C. § 2255 to reduce his sentence for the ammunition count as well. Defendant claims that because his sentence for the drug count should be reduced pursuant to Blewett, the Court also should reduce his concurrent ten-year sentence on the ammunition count. Def.'s Supp. Br. (Dkt. 48). However, because Defendant is not entitled to a reduction of his sentence on the drug count — a prerequisite for Defendant's argument raised in his section 2255 motion — the Court denies Defendant's section 2255 motion as moot.

## IV. CONCLUSION

The Court denies Defendant's motion for modification or reduction of sentence (Dkt. 44). The Court also denies Defendant's request for relief pursuant to 28 U.S.C. § 2255 as moot (Dkt. 48).

SO ORDERED.

Dated:  December 11, 2013                s/Mark A. Goldsmith
      Flint, Michigan                          MARK A. GOLDSMITH
                                                               United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 11, 2013.

                                                               s/Deborah J. Goltz
                                                               DEBORAH J. GOLTZ
                                                               Case Manager